UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10419-RWZ

GEORGE F. PIERCE

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE
and FRANCIS D. RILEY, Chief of Police

ORDER

January 25, 2013

ZOBEL, D.J.

Plaintiff George F. Pierce is a Harvard University police officer who applied for promotion in 2006, 2007-8, 2009, and 2012 and was passed over each time. He brought this action against his employer, the President and Fellows of Harvard College ("Harvard"), and Francis D. Riley, chief of the Harvard University Police Department ("HUPD"), alleging employment discrimination. Plaintiff moves to amend the complaint to dismiss with prejudice claims that arise from his failure to obtain a detective assignment in 2012 (the "2012 claims") (Docket # 36). By the same motion, he also seeks a protective order precluding defendants from obtaining certain discovery on the 2012 claims. Defendants oppose plaintiff's motion for a protective order and have filed cross-motions to compel discovery on the 2012 claims, to admit evidence of such at trial, and for fees and costs incurred in responding to the 2012 claims (Docket # 39).

Defendants do not oppose plaintiff's motion to amend the complaint to dismiss the 2012 claims. The motion to amend is ALLOWED.

In conjunction with amending the complaint, plaintiff requests a protective order precluding discovery "(a) regarding the fact that plaintiff brought and subsequently withdrew the 2012 [c]laims; or (b) regarding the merits or substance of the 2012 claims."  Defendants argue that information about the 2012 claims is relevant to impeach plaintiff's testimony by showing bias, his ability to perceive, and his reliability as a witness,[1] and they seek to compel plaintiff to complete his deposition and respond to further discovery requests regarding the 2012 claims.  Defendants' requested discovery falls within the broad scope of Fed. R. Civ. P. 26.  Plaintiff's request for a protective order is DENIED, and defendants' motion to compel is ALLOWED, but such discovery shall be limited as argued by defendant.

Defendants' motion in limine to admit evidence on the 2012 claims is premature and is therefore DENIED.

Finally, defendants request that plaintiff be ordered to pay the attorney's fees they have incurred as a result of having to respond to the now-withdrawn 2012 claims.  Such an award is not warranted here, and defendants' motion for costs and fees is DENIED.

|  |  |
|---|---|
| January 25, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[1] In particular, defendants note that plaintiff, immediately following his non-selection for promotion in 2012, sent an email to the human resources officer for HUPD stating that he "thought the process was done very professionally and fair."  Docket # 39, Exhibit A.  Nonetheless, plaintiff thereafter brought the 2012 claims and testified during his deposition that he believed the selection process used for the 2012 detective assignment was discriminatory.  Docket # 39, Exhibit C.