UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**GEORGE F. PIERCE,**               )
      **Plaintiff**   )
                                    )
**v.**                              )
                                    )
**PRESIDENT AND FELLOWS OF**        )
**HARVARD COLLEGE**                 )     Civil Action No.: 11-10419-RWZ
                                    )
**and**                             )
                                    )
**FRANCIS D. RILEY,**               )
      **Defendants**  )
_____ )


## PLAINTIFF'S MOTION FOR CLARIFICATION (PARTIALLY ASSENTED-TO)

Plaintiff George Pierce moves that this Court clarify one aspect of its January 13, 2014 Memorandum of Decision ("Memorandum"), which ruled on defendants' summary judgment motion in the above matter. For his reasons, plaintiff states:

1. In its Memorandum, this Court issued rulings on all counts of Plaintiff's Third Amended Complaint, allowing summary judgment on Counts II-III and denying summary judgment on the remaining counts. Memorandum, at 15.

2. With respect to Count III, the Memorandum indicated that plaintiff had alleged discrimination in a "third round of hiring" in 2008 for the rank of sergeant,

> but because he voluntarily withdrew his application for the position, he now concedes summary judgment on that claim (Count III).

Memorandum, at 1, n. 1.

3. Although it is accurate that plaintiff did "concede summary judgment" on Count III (see Plaintiff's Amended Opposition to Defendants' Motion For Summary Judgment

("Opposition"), No. 106, filed 9/10/13, at 23), Count III does not pertain to any 2008 round of hiring for sergeant.  Rather, it is a claim that:

> 53.   By initiating unfair disciplinary proceedings against Pierce in 2008, defendants impaired Pierce's right to make and enforce contracts because of his race in violation of 42 U.S.C. § 1981, as amended.

Third Amended Complaint, No. 60, 2/8/13, ¶53.

4.   As to the "third round of hiring in 2008," plaintiff did not concede that claim, but actively argued in his summary judgment papers that it should not be dismissed.  See Opposition at 14-18.  In particular, plaintiff specifically argued that his withdrawal of his application for the sergeant position should not defeat his claim, because his application would have been futile and he was expressly so informed by HUPD management.  See Opposition at 15.

5.   Thus, while plaintiff conceded the entry of summary judgment on Count III, his claim of discriminatory discipline, he did not concede summary judgment on his claim of discriminatory failure to promote in the "third round" in 2008.[1]

6.   Plaintiff respectfully requests that this Court consider the parties' summary judgment briefing and argument with respect to plaintiff's § 1981 claim as to the third round of sergeant hiring in 2008, and issue a ruling in plaintiff's favor based thereon.

7.   Defendants assent to so much of this motion as requests this Court to clarify the status of plaintiff's § 1981 claim as to the third round of sergeant hiring in 2008, as well as

---

[1] Plaintiff appreciates that some ambiguity in the Third Amended Complaint itself may have contributed to the confusion.  Count II makes claims based on the failure to select Pierce for promotion "in 2008," referring to both rounds of promotions made in 2008 – the first in early January 2008, and the second in late January 2008.  Throughout the summary judgment briefing, however, the parties adopted the convention of referencing the first round as the "2007" promotions and the second round (discussed in the text) as the "2008" promotions.

plaintiff's claim of unfair discipline in 2008.

        Respectfully submitted,

        PLAINTIFF
        GEORGE PIERCE

        By his attorneys,

        /s/ Ellen J. Messing
        Ellen J. Messing
        BBO No. 343960
        emessing@mrwemploymentlaw.com
        James S. Weliky
        BBO No. 631066
        jweliky@mrwemploymentlaw.com
        Messing, Rudavsky & Weliky, P.C.
        50 Congress St., Suite 1000
        Boston, MA 02109
        (617) 742-0004

Dated: February 3, 2014

## LOCAL R. 7.1 CERTIFICATION

I, Ellen J. Messing, counsel for plaintiff George Pierce, do hereby certify that I have complied with the requirements of Local R. 7.1. Specifically, on or about January 28-31, 2014, I contacted counsel for defendants Gregory Manousos in order to discuss the within motion. After conferencing the matter, the parties reached partial agreement, as indicated by defendants' partial assent to this motion.

Signed, under the penalties of perjury this 3rd day of February, 2014.

        /s/Ellen J. Messing
        Ellen J. Messing

## CERTIFICATE OF SERVICE

I, Ellen J. Messing, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on February 3, 2014.

        /s/ Ellen J. Messing
Dated: February 3, 2014        Ellen J. Messing